CURTIS-WARNER CORPORATION, PROSECUTOR, v. THOMAS GORMAN ET AL., DEFENDANTS.

Submitted June 9, 1925—Decided October 5, 1925.

**Workmen's Compensation—Injury to Employe Trivial at First; Later, Pneumonia and Gangrene, With Amputation of Two Toes—Relator Claims Gangrene Result of Pneumonia—Evidence to Support Employe's Contention That It Resulted From the Accident—Not Function of This Court to Weigh Testimony—Verdict For Employe Will Not Be Set Aside.**

On writ of *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Edwards & Smith* (*Raymond Dawson*, of counsel).

For the defendants, *Henry Carless*.

PER CURIAM.

The writ of *certiorari* in this case brings up for review the record in a workmen's compensation case decided by the Essex County Court of Common Pleas. The testimony shows that Thomas Gorman was, on January 19th, 1924, an employe of the prosecutor, Curtis-Warner Corp. He was a carpenter. He was working on that day on a synagogue in the city of Newark. A block of timber four by four inches square and fourteen feet long fell on his left foot, bruising it. He gave notice of the accident, which at first seemed trivial, to the representative of his employer. He continued to work

until February 9th, 1924, when he was obliged to cease work on account of the injury. He then contracted pneumonia, and gangrene set in at the place where the block of timber had fallen upon his foot. His big toe and the toe next to it had to be amputated.

Gorman filed a petition with the compensation bureau, and hearings were had on October 28th and November 7th, 1924. The result of these hearings was a finding and determination by the bureau that the petitioner had sustained the injury complained of; that the same arose out of and in the course of his employment, and that he was entitled to a sum for temporary and permanent disability. An appeal was taken to the Essex County Court of Common Pleas. The Court of Common Pleas decided the same as the compensation bureau. A writ of *certiorari* removing the record to this court was thereupon applied for and allowed.

The contention is made upon the part of the prosecutor that Gorman failed to show by a preponderance of the evidence that he met with the accident. While it is true that the burden is upon the petitioner to prove such facts as will entitle him to compensation, yet, a reading of the testimony leads us to the conclusion that the petitioner did prove the necessary facts, namely, that he was employed by the prosecutor; that a block of timber struck him upon the foot; that he notified a representative of his employer at the time of the accident; that while the injury did not seem to be anything more than trivial in the beginning it developed to such an extent that Gorman was obliged to go to the hospital; that he had pneumonia; that gangrene set in at the point of injury, and that he lost a portion of his foot. The prosecutor contends that the gangrene was the result of the pneumonia and not of the accident. The prosecutor offers the testimony of physicians of long experience and high professional standing to the effect that the gangrene was not the result of the accident. On the other hand we find in the record testimony to the contrary. It is not the function of this court to weigh testimony. This court cannot set aside a finding of fact where there is evidence in the record to sup-

port it. *Kauffield* v. *Pfund & Sons*, 97 *N. J. L.* 335; *Geisel* v. *Regina Co.*, 96 *Id.* 31.

As there is evidence which supports the findings of the Essex County Court of Common Pleas, the judgment of that court will be and is accordingly affirmed.